UNITED STATES DISTRICT COURT
FILED
NOV - 5 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

HENRY RAFAEL AVILA BASTARDO,

Petitioner,

v.

26-CV-2232 (JLS)

MICHAEL BALL, *Warden of the Buffalo Federal Detention Facility*; MARKWAYNE MULLIN, *Secretary of the Department of Homeland Security*; TODD BLANCHE, *Attorney General*; and PHILLIP RHONEY, *Acting Director of the Buffalo Field Office of Immigration and Customs Enforcement*,

Respondents.

**ORDER**

Respondents concede that Petitioner is detained pursuant to 8 U.S.C. § 1226(a). Dkt. 5. However, Respondents request that this Court dismiss the [1] petition based on Petitioner's failure to exhaust administrative remedies—*i.e.*, attend an initial bond hearing. *Id.* at 2.[1]

"A habeas petitioner must normally exhaust administrative remedies before seeking federal court intervention." *Hossain v. Barr*, No. 6:19-CV-06389-MAT, 2019 WL 5964678, at *3 (W.D.N.Y. Nov. 13, 2019) (citations omitted) (explaining "courts have generally required exhaustion as a 'prudential matter.'"). While the text of 28

[1] Page numbers refer to the CM/ECF generated numbering in the header of each page.

U.S.C. § 2241 does not require administrative exhaustion, "[e]xhaustion of administrative remedies serves numerous purposes, including protecting the authority of administrative agencies, limiting interference in agency affairs, and promoting judicial efficiency by resolving potential issues and developing the factual record." *Beharry v. Ashcroft*, 329 F.3d 51, 56 (2d Cir. 2003), *as amended* (July 24, 2003). However, "exhaustion of administrative remedies may not be required when '(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question.'" *Id.* at 62. None of those considerations applies here because Petitioner may appear for an initial bond hearing under 8 U.S.C. § 1226(a). *See* Dkt. 5 at 3 (Respondents contend that "the only appropriate remedy is a bond hearing before an immigration judge . . . .").

Furthermore, Petitioner's arguments regarding the warrantless arrest are without merit for the reasons stated in Respondents' response. Dkt. 5. *See also Palma v. Powell*, 828 F. Supp. 3d 1297, 1308 (N.D. Ala. 2026) ("[T]he Constitution does not prohibit arrests made in violation of statute" (citing *Virginia v. Moore*, 553 U.S. 164, 176-78 (2008)). *See also id.* (explaining that, the "Fourth Amendment permits warrantless arrests where the arresting officer possesses probable cause" and that, even if the petitioner's arrest was warrantless, it "may still have been constitutional if the arresting officers had probable cause to believe that he committed a crime in their presence or had committed a felony"). *See also id.*

("Regardless, habeas is not a vehicle to redress defects in an initial arrest; its function is to determine whether the petitioner may lawfully remain in custody . . . If lawful grounds for detention exist, [the petitioner] is not entitled to release even if there were flaws in his original arrest.") (citing *U.S. ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923)). *Cf. I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984) ("The 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred.") (citations omitted).[2]

IT IS HEREBY ORDERED, that the [1] petition is DISMISSED without prejudice based on Petitioner's failure to exhaust administrative remedies before the filing of this action; and it is further

ORDERED, that the Clerk of Court is directed to close this case.

SO ORDERED.

Dated: November 5, 2026
Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

[2] *See also Rajah v. Mukasey*, 544 F.3d 427, 447 (2d Cir. 2008) (noting that "litigating the conduct surrounding an arrest would impose an intolerable administrative burden on the immigration enforcement system. Given that officers may arrest several aliens per day, they 'cannot be expected to compile elaborate, contemporaneous, written reports detailing the circumstances of every arrest.'") (quoting *Lopez-Mendoza*, 468 U.S. at 1049).